IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARQUIS MASON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 11-325-GMS |
| ) | |
| DAVID PIERCE, Warden, and ) | |
| ATTORNEY GENERAL OF ) | |
| THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents.[1] ) | |

Marquis Mason. *Pro se* petitioner.

Maria Knoll, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

June 6, 2014
Wilmington, Delaware

---

[1] Warden David Pierce replaced Warden Perry Phelps, an original party to this case. *See* Fed. R. Civ. P. 25(d).

Sleet, Chief Judge

Pending before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Marquis Mason ("Mason"). (D.I. 2) For the reasons discussed, the court will deny the petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As recounted by the Delaware Supreme Court, the facts leading to Mason's arrest and conviction are as follows:

> On October 31, 2006, Marquis Mason shot and killed Parrish Johnson, in a Wilmington parking lot, after a drug deal went bad. Johnson and a friend, Prentiss Butcher, were in the front seat of Johnson's car. Mason, who was there to buy cocaine, got into the back seat. Mason paid Johnson less than the agreed upon amount, and the two started arguing. Johnson got out of the car and pulled Mason out of the back seat. Johnson grabbed Mason, then put his hands in Mason's pockets trying to take back the drugs and Mason's money. According to Mason, while they were scuffling, Johnson asked Butcher to hand him "that," and Butcher bent down to get something from under the driver's seat. Mason saw that it was a gun, so Mason "reacted fast" and shot Johnson twice. After the shooting, Mason ran away.
>
> One week later, the police took Mason into custody and interrogated him. Mason gave almost no direct answers. Instead, he either said that he did not know what the police officer was talking about, or that he knew he had a violation of probation. Whenever Mason said that he was there because of a violation of probation, the police officer corrected Mason and told him that he was being questioned about a murder. At one point, Mason apparently succeeded in irritating the police officer, who said, "if you mention VOP one more time we're walking out of here, right, you're done, do you understand? You're not here for a VOP, you're here for Murder 1st, do you understand that?"

*Mason v. State*, 963 A.2d 124, 125 (Del. 2008).

Mason was charged with first degree murder, possession of a firearm during the commission of a felony ("PFDCF"), and possession of a deadly weapon by a person prohibited ("PDWPP"). *Id.* During the trial, Mason testified that he shot Johnson in self-defense. *Id.* On November 8, 2007, a Delaware Superior Court jury convicted Mason of manslaughter, PFDCF,

and PDWPP. *Id.* at 126. The Superior Court sentenced him to total of twenty-seven years in prison, suspended after twenty-three years for probation. Mason appealed, and Delaware Supreme Court affirmed his conviction. *Id.* at 127.

In June 2009, Mason filed a motion for post-conviction relief under Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), which was denied on June 28, 2010. (D.I. 1 at 1) Mason filed a notice of appeal, and the Delaware Supreme Court dismissed the appeal as untimely. *See Mason v. State*, 2010 WL 3603588 (Del. Sept. 15, 2010).

## II. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

### B. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b);

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the court to consider the claims on their merits. *Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005); *Castille v. Peoples,* 489 U.S. 346, 351 (1989).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *Lines,* 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but

3

procedurally defaulted. *See Coleman*, 501 U.S. at 750; *Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). In order to establish actual innocence, the petitioner must present new reliable evidence – not presented at trial – that demonstrates "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537-38 (2005); *Sweger v. Chesney*, 294 F.3d 506, 522-24 (3d Cir. 2002).

## III. DISCUSSION

Mason asserts two grounds for relief in his petition:[2] (1) defense counsel provided constitutionally ineffective assistance; and (2) the Superior Court committed evidentiary errors during the trial and exhibited prejudice during Mason's post-conviction proceeding. The State contends that the court should deny the petition in its entirety because claim one is procedurally barred and claim two asserts state law issues that are not cognizable on federal habeas review.

### A.     Claim One: Ineffective Assistance

Mason contends that defense counsel provided ineffective assistance by failing to: (1) present his theory of self-defense during the trial; (2) properly cross-examine his mother and two other witnesses (Butcher and Winn); and (3) call witnesses who would have supported his self-defense claim.

All three of these allegations are procedurally defaulted. First, Mason did not present in his Rule 61 motion or on post-conviction appeal his allegation regarding counsel's failure to raise the issue of self-defense during the trial. Any attempt to present this particular allegation in a new Rule 61 motion would be time-barred under Rule 61(i)(1) and barred as repetitive under Rule 61(i)(2), which means that this allegation should be treated exhausted but procedurally defaulted. *See Kellum v. Pierce*, __ F.Supp.2d __, 2014 WL 975698, at *10 (D. Del. Mar. 7, 2014). Second, although Mason presented his remaining two ineffective assistance allegations to the Superior Court in his Rule 61 motion, the Delaware Supreme Court denied his post-conviction appeal as untimely under Delaware Supreme Court Rule 6(a)(iii). Because this court has consistently ruled that Delaware Supreme Court Rule 6 is an independent and adequate state

---

[2]The court has combined Mason's three separate claims regarding counsel's ineffective assistance into one claim with three subparts.

5

procedural rule precluding federal habeas review, these two remaining ineffective assistance of counsel allegations are also exhausted but procedurally defaulted. *See Tribuani v. Phelps*, 820 F. Supp. 2d 588, 593 (D. Del. 2011).

Given these circumstances, the court cannot review the merits of the three allegations contained in claim one absent a showing of cause for the default, and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the claim is not reviewed. Mason does not assert, and the court cannot discern, any cause for Mason's default of claim one. In the absence of cause, the court need not address the issue of prejudice. Additionally, Mason's default cannot be excused under the miscarriage of justice exception to the procedural default doctrine, because he has failed to provide new reliable evidence that can establish his actual innocence. Accordingly, the court will deny claim one as procedurally barred.

### B. Claim Two: Superior Court Committed Errors During Trial and Post-Conviction Review

It is well-settled that "[s]tate courts are the ultimate expositors of state law,"[1] and claims based on errors of state law are not cognizable on habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Consequently, "evidentiary errors of states courts are not considered to be of constitutional proportion, cognizable in federal habeas corpus proceedings, unless the error deprives a defendant of fundamental fairness in his criminal trial." *See Biscaccia v. Attorney General*, 623 F.2d 307, 312 (3d Cir. 1980). Additionally, the "federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's actual conviction; what occurred in petitioner's

---

[1] *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).

6

collateral proceedings does not enter into the habeas calculation." *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998).

In claim two, Mason contends that the Superior Court erred during his trial by ruling that his mother's testimony was inadmissible hearsay. Mason does not offer any factual or legal to support this allegation, and he does not even assert that this alleged evidentiary error violated his due process rights by depriving him of a fundamentally fair trial. As such, Mason's claim regarding the state court's erroneous evidentiary ruling does not present an issue cognizable on federal habeas review.

Mason also contends that the Delaware Superior Court erred by considering defense counsel's Rule 61 affidavit during his post-conviction proceeding even though the affidavit was filed after the Superior Court's filing deadline. This argument fails to assert an issue cognizable on federal habeas review, because it concerns a procedural issue in Mason's collateral proceeding.

Accordingly, the court will deny claim two in its entirety because it does not present a proper basis for habeas relief.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not

7

required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Mason's petition fails to warrant federal habeas relief, and is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## V.    CONCLUSION

For the reasons stated, Mason's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied without an evidentiary hearing or the issuance of a certificate of appealability. An appropriate order shall issue.